IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREE JANKOWSKI, | |
| Plaintiff, | **4:23CV3113** |
| vs. | |
| CENTRAL INTELLIGENCE AGENCY, and WILLIAM JAY, Director of Central Intelligence; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Lauree Jankowski filed a Complaint on June 14, 2023, while she was incarcerated.  Filing No. 1.  Plaintiff was subsequently released and given leave to proceed in forma pauperis as a non-prisoner on October 24, 2023.  Filing No. 12.  The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff brings this action against the Central Intelligence Agency ("CIA") and the current Director of the CIA, William Jay ("Jay"), pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Filing No. 1 at 1.  Plaintiff claims, "[T]he CIA has committed acts against me personally to violate my constitutional rights, including assault and battery, torture, interference and destabilization of my personal life, human experimentation, negligence of duty, false imprisonment, intentional infliction of emotional distress, and traumatic injury resulting in permanent disability and distress." *Id*.

As the Court understands it, the alleged "acts" the CIA has committed against Plaintiff consist of experimentation and surveillance of Plaintiff against her will. As Plaintiff alleges: "I, specifically, have been a victim of uncontrolled and rampant abuse, with no ethical regard for my personal safety or consent[,] stemming from MKUltra precedent, including mind-control, invasion of privacy, psychological torture, excessive and intentionally harassing surveillance, and sexual abuse." *Id*. at 4–5. Plaintiff explains that MKUltra involved "the CIA enacting known and recorded successful experimentation on unwitting and unwilling members of the American public, using the administration of psychotropic medications, sex, and pain to experiment psychic telemetry, telepathy, mind-reading, mind control, remote viewing, telekinesis, astral projection, and astral rape." *Id*. at 4.

Due to these acts, Plaintiff has "made repeated written and signatured requests to the CIA directly for declassification and release of any and all information that has been retained on [her]," but "[t]hey have consistently failed to appropriately respond to these requests, and have even sent belligerent responses of refusal." *Id*. at 5. Plaintiff asserts that the CIA's

> intentional withholding of information pertinent to [her] personal safety and wellbeing, alongside [her] status as a human being and American Citizen, . . . has cost [Plaintiff her] civil liberties and rights as a free person, [her] freedom as an unconfined person, [her] loss of career, [her] home, [her] family, [her] public trust, [her] reputation and credibility, has continually impugned [her] privacy, and  has caused [her] severe personal mental, emotional, and physiological damages resulting in a severe decline in [her] physical health, permanent injury and disability.  [Her] current situation is perpetually life-threatening.

*Id*. at 6.

2

As relief, Plaintiff seeks the "as-of-yet undisclosed, classified information retained by the CIA about [her]self and deceased members of [her] immediate family who were included in MKUltra or MKUltra-like subversive experimentation," as well as "any information the CIA retains on [her] offspring and decendants [sic]." *Id*. at 8. The records Plaintiff seeks also include reports she has written and submitted to the CIA, "the assessment and communications of these reports, and anything pertaining to [Plaintiff] otherwise unmentioned." *Id*. at 9. Plaintiff also seeks punitive and monetary damages for willful withholding of information that would have protected [her] from harm if it had been provided in a timely manner" as "[l]ack of access to this information is depriving [her] of [her] right to a fair and unbiased trial." *Id*. Plaintiff also seeks preliminary injunctive relief in the form of the Court's recognition of "the existence of 'psychics' as valid and equal citizenship, warranting the same guaranteed constitutional rights as other protected groups" as "[p]sychics are a varied cultural group" comprised of different types of individuals, including "individuals like [Plaintiff] who are psychics by means of immutable and inherited characteristics with potentiality for genetic predisposition." *Id*. at 7. Lastly, "[d]ue to [her] credible suspicion that the CIA has a vested eugenic interest in [her]self and [her] family," Plaintiff requests injunctive relief protecting her "from interference from the CIA or any other intelligence agency from the United States actionable both within and without the United States boundaries for [her]self and [her] descendants of direct genetic or legally acknowledged lineage forever and hereafter." *Id*. at 9 (spelling corrected).

3

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).  This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).  However, even pro se complaints are required to allege facts which, if true,

4

state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. ANALYSIS OF COMPLAINT

Liberally construed, Plaintiff sues the CIA and its director, Jay, under *Bivens* and the FOIA for failing to provide Plaintiff with records she believes the CIA possesses as a result of an experimentation and surveillance operation against Plaintiff. For the reasons that follow, Plaintiff's allegations fail to establish that she is entitled to relief upon either her *Bivens* or FOIA claim.

### A. *Bivens*

Plaintiff sues the CIA and Jay under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] The CIA is a federal agency, and, as such, Plaintiff cannot recover against the CIA for its alleged violation of her constitutional rights. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) (holding a *Bivens* cause of action cannot be brought against a federal agency). Because Plaintiff did not "expressly and unambiguously" state that Jay is sued in his individual capacity, the Court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, any claim against Jay in his official capacity is a claim against the United States. *Coleman v. Espy*, 986 F.2d

---

[1] *Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal officers alleged to have violated the petitioner's Fourth Amendment rights. The Court subsequently found the "*Bivens*" remedy available for violations of an individual's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14, 17–19 (1980), and the Due Process Clause, *Davis v. Passman*, 442 U.S. 228, 230 (1979). *See Hui v. Castaneda*, 559 U.S. 799, 803 n.2 (2010) (summarizing applicability of *Bivens*). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017).

1184, 1189 (8th Cir. 1993). "Sovereign immunity bars claims against federal officials in their official capacity unless a waiver is unequivocally expressed by Congress." *Id*. With respect to constitutional tort claims brought against the United States or its agencies, Congress has not waived sovereign immunity. *F.D.I.C. v. Meyer, supra*. Thus, Plaintiff cannot recover against the United States under *Bivens* because the federal government and its agencies are immune from any such suit. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny do not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials.").

**B.  FOIA**

Pursuant to the FOIA, Plaintiff seeks the release of records about her and her family that she believes the CIA possesses due to an experimentation and surveillance operation against her.

> Under FOIA, federal agencies are required to release government records to the public upon request, subject to nine listed exceptions. *See* 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal citations omitted). Injunctive relief for the improper withholding of records is the sole remedy under FOIA and only those records may be produced. *See* 5 U.S.C. § 552(a)(4)(B).

*Hensley v. United States Dep't of Just.*, No. 4:22-CV-00879-JM, 2022 WL 16575321, at *2 (E.D. Ark. Nov. 1, 2022).

Here, though Plaintiff alleges she has submitted repeated requests to the CIA to declassify and release any information retained by the CIA on Plaintiff, Filing No. 1 at 5, Plaintiff does not allege facts suggesting she has submitted a proper FOIA request for the records she seeks or that she has exhausted her administrative appeals, a

prerequisite for bringing a FOIA suit.  *See Brumley v. U.S. Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985).  Thus, Plaintiff's Complaint fails to state a FOIA claim upon which relief may be granted.

## C.  Complaint is Factually Frivolous

Not only does Plaintiff's Complaint fail to state a claim upon which relief may be granted under either *Bivens* or the FOIA, but the Court finds Plaintiff's vague and conclusory allegations of the harm she has suffered due to the CIA's acts are wholly unsupported by specific facts and do not appear to be based in reality.   Plaintiff's allegations that she has been the unwilling subject of experimentation and surveillance by the CIA "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and the Court concludes Plaintiff's Complaint should be dismissed as factually frivolous under 28 U.S.C. § 1915(e).  *See Wells v. F.B.I.*, No. 4:12CV1200 JCH, 2012 WL 2905131, at *1 (E.D. Mo. July 16, 2012) (dismissing in forma pauperis complaint where "factual allegations in the complaint are obviously derived from a delusional paranoia").

IT IS THEREFORE ORDERED that:

1.      The Complaint, Filing No. 1, is dismissed without prejudice as frivolous.

2.      The Court will enter judgment by separate document.


Dated this 11th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge